IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| R.M. A MINOR, BY AND THROUGH HIS PARENTS AND NEXT FRIENDS, ANTHONY ALAN MORRIS AND STEFANIE RAE WARNEKE, AND ANTHONY ALAN MORRIS, INDIVIDUALLY AND STEFANIE RAE WARNEKE, INDIVIDUALLY<br><br>*Plaintiffs*,<br><br>v.<br><br>THE UNITED STATES OF AMERICA, HEART OF TEXAS COMMUNITY HEALTH CENTER, INC. D/B/A WACO FAMILY MEDICINE RESIDENCY CENTER PROGRAM D/B/A WACO FAMILY MEDICINE CENTER, AND JENNY LEE BROKOVEC, M.D.,<br><br>*Defendants*. | § § § § § § § § § § § § § § § § § § § § § § | Case No. 6:24-cv-00641-ADA-DTG |

## ORDER DENYING REQUEST FOR PRIVILEGED DOCUMENTS

On July 10, 2025, the Court heard several discovery disputes between the parties. One of those disputes involved the plaintiffs' request for production of nine documents identified on the U.S.A. defendant's privilege log. The privilege log was provided as Exhibit 3 to the parties' discovery dispute chart.[1] Per the Court's instructions, counsel for the U.S.A. provided the documents for in camera review. After reviewing the documents in camera, the Court denied the plaintiffs' request and now issues this Order to memorialize that ruling.

---

[1] The privilege log mistakenly included two entries numbered 8, which made for a total of nine documents.

# I. BACKGROUND

This case is proceeding with jurisdictional discovery only. The plaintiffs filed this suit to recover for the injuries suffered by the plaintiff, R.M., during labor and delivery while being cared for by Dr. Brakovec. Dkt. No. 1. The plaintiffs contend that at the relevant time Dr. Brakovec was employed by or contracted with Waco Family Medicine and that the United States of America is liable for the acts or omissions of Waco Family Medicine and Dr. Brakovec. *Id*. The United States filed a motion to dismiss alleging that under the facts of this case, Dr. Brokovec and Waco Family Medicine do not qualify for coverage under the applicable statute and that the Court lacks subject matter jurisdiction under the Federal Tort Claims Act. Dkt. No. 27. The Court has allowed the parties to engage in limited discovery before the plaintiffs respond to the United States' motion. Dkt. No. 38.

As part of that jurisdictional discovery, the United States provided a privilege log. That privilege log contains nine entries that the plaintiffs contend should be produced. From the privilege log, the documents appear to contain correspondence between the defendants—the United States, Waco Family Medicine, and Dr. Brakovec. The plaintiffs contend that because the defendants are adverse to each other and lack a joint defense agreement, there can be no privilege. The United States contends that because the communications occurred before a coverage decision was made and at a time the parties were not adverse, the documents remained privileged.

# II. ANALYSIS

For a communication to be privileged, it must satisfy four basic requirements. It must be asserted by someone who is or is seeking to be a client. It must involve a member of the bar or his subordinate. It must relate to facts that the attorney learned in confidence from the potential

client and primarily for the purpose of obtaining legal services. The privilege must not have been waived. *Stoffels v. SBC Communs.*, Inc., 263 F.R.D. 406, 411 (W.D. Tex. 2009) (citing *In re Grand Jury Proceedings*, 517 F.2d 666, 670 (5th Cir. 1975)); *ReedHycalog UK, Ltd. v. Baker Hughes Oilfield Operations Inc.*, 251 F.R.D. 238, 243-44 (E.D. Tex. March 27, 2008) (Davis, J.) (citing *Myers v. City of Highland Village*, 212 F.R.D. 324, 326 (E.D. Tex. 2003) (Davis, J.)). Even if the person ultimately does not hire the lawyer or the lawyer does not take the case, the privilege still attaches to the communications. *In re Auclair*, 961 F.2d 65, 69 (5th Cir. 1992). When multiple potential clients consult a lawyer on a matter of common interest, those communications can also be privileged. *Id*. at 70 (holding that the common interest can maintain the privilege without a written agreement).

      Portions of the disputed documents are not privileged. Some of the documents contain long email chains, within which are communications that are unquestionably not privileged. For example, privilege log entry number 8 is an email chain within which are emails between the plaintiffs' counsel, Ryan Johnson, and defense counsel. As there can be no expectation of privacy between the plaintiffs' and the defendants' counsel, those limited portions of the email chain are not privileged.

      Other than those limited portions of the email chains, the documents on the U.S.A. defendant's privilege log are privileged. The emails evidence the type of communication that a potential client or a group of potential clients with a common legal interest would have with a potential lawyer. These documents all center on who will be providing legal representation for the various defendants. As such, the Court finds that the nine documents on the U.S.A. defendant's privilege log are protected by the attorney-client and common interest privileges. The plaintiffs' motion for production of these documents is **DENIED**.

SIGNED this 29th day of September, 2025.

                                           _____
                                           DEREK T. GILLILAND
                                           UNITED STATES MAGISTRATE JUDGE

Case 6:24-cv-00641-ADA-DTG   Document 98   Filed 09/29/25   Page 4 of 4